IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENE STILP, | No. 4:20-CV-01277 |
| Plaintiff, | (Judge Brann) |
| v. | |
| BOROUGH OF LEWISBURG, | |
| Defendant. | |

**MEMORANDUM OPINION**

DECEMBER 21, 2020

Pending before this Court is Plaintiff Gene Stilp's motion for a preliminary injunction and Defendant Borough of Lewisburg's ("Lewisburg") motion to dismiss.[1] In March 2020, Stilp was cited for burning three political flags in violation of a Lewisburg ordinance prohibiting the burning of "any refuse, rubbish, or garbage" (the "Burn Ordinance").[2] He contests the validity of the Burn Ordinance under the First Amendment, both facially and as-applied to him, and asks this Court to enjoin Lewisburg from enforcing the Burn Ordinance against him in pending criminal proceedings.[3]

Both parties' motions are ripe for disposition. However, this Court cannot adjudicate either because it must abstain from exercising its jurisdiction under the

---

[1] Doc. 9; Doc. 11.
[2] Doc. 4 at ¶¶ 16, 18-19.
[3] Doc. 4.

abstention doctrine of *Younger v. Harris*.[4]  Accordingly, Stilp's claims are dismissed.

## I.     BACKGROUND

Stilp is a political activist in Pennsylvania who frequently engages in public political protest.[5]  As part of his protests, Stilp has often burned political flags "as a means of protesting politicians and political ideologies he opposes."[6]

In February 2020, Stilp notified the Union County Commissioners that he planned to hold a public protest "involving the burning of flags" in front of the Union County Courthouse in Lewisburg on March 12, 2020.[7]  Stilp sought a permit to burn three political flags at the protest.[8]  The County responded that it did "not wish to facilitate a violation of the [Burning Ordinance] on county property."[9]  Consequently, it appears that the County denied Stilp's request for a permit.

The March 2020 protest occurred in front of the Union County Courthouse.[10]  At the protest, Stilp set three political flags on fire in front of a regional police officer.[11]  Stilp maintains the purpose of burning these flags was to "publicly oppose policies of the Trump Administration and Trump reelection

---

[4]   401 U.S. 37 (1971).
[5]   Doc. 4 at ¶ 7.
[6]   *Id.* at ¶ 8.
[7]   *Id.* at ¶ 10.
[8]   Doc. 4-1 at 2.  Specifically, he requested a permit to burn a "Trump-Nazi flag."  *Id.* at 3.
[9]   *Id.* at 2.
[10]  Doc. 4 at ¶¶ 12-14.
[11]  *Id.* at ¶¶ 17-18.

campaign which Stilp asserts are racist and not beneficial for citizens."[12] Nevertheless, the officer cited Stip for violating the Burn Ordinance.[13]

On March 12, 2020, the Commonwealth of Pennsylvania filed a summary charge against Stilp in the Lewisburg Magisterial District Court for violating the Burn Ordinance.[14] Following a summary trial, Stilp was convicted of violating the Burn Ordinance on November 20, 2020.[15] The Lewisburg Magisterial District Court issued a written ruling Stilp's conviction stating that it lacked jurisdiction under Pennsylvania law to consider Stilp's First Amendment defenses.[16] Stilp has since appealed his conviction to the Union County Court of Common Pleas.[17] That appeal is currently pending.[18]

Stilp now asks this Court to enjoin enforcement of the Burn Ordinance against him because it is too vague and overly broad and thus violates the First Amendment. He also seeks monetary damages for these purported violations.

## II. DISCUSSION

"It is a longstanding principle that the federal courts 'have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not

---

[12] *Id.* at ¶ 14.
[13] *Id.* at ¶ 19.
[14] Doc. 18 at 1.
[15] *Id.*
[16] *Id.*
[17] *Id.* at 2.
[18] *Id.* at 2, 10.

given.'"[19] Once a federal court has established jurisdiction, its "'obligation' to hear and decide a case is 'virtually unflagging.'"[20] However, in *Younger v. Harris*, the United States Supreme Court "recognized a 'far-from-novel'" exception to this general rule."[21] When conditions exist that might establish this exception, a federal court has authority to raise the issue sua sponte.[22]

*Younger* holds that "a federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit except in very unusual situations."[23] To receive injunctive relief, a plaintiff must show that "the danger of irreparable loss is both great and immediate."[24] This generally requires a plaintiff to demonstrate bad faith or harassment.[25] "There may, of course, be extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment."[26] But such

---

[19] *Hamilton v. Bromley*, 862 F.3d 329, 331 (3d Cir. 2017) (quoting *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264 (1821)).

[20] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

[21] *Id.* (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989)).

[22] *See O'Neill v. City of Philadelphia*, 32 F.3d 785, 786 (3d Cir. 1994) (citing *Bellotti v. Baird*, 428 U.S. 132, 143-44 n. 10 (1976); *McLaughlin v. Pernsley*, 876 F.2d 308, 314 n. 5 (3d Cir. 1989); and *Blake v. Kline*, 612 F.2d 718, 727 (3d Cir. 1979)). The Third Circuit has recognized that a party's failure to raise abstention at the motion-to-dismiss stage does not necessarily imply that they have consented to federal jurisdiction or waived any abstention argument under *Younger*. E.g., *PDX North, Inc. v. Comm'r N.J. Dep't of Lab. & Workforce Dev.*, 978 F.3d 871, 881 (3d Cir. 2020) (citing *Ohio C.R. Comm'n v. Dayton Christian Sch.*, 477 U.S. 619, 626 (1986) for the proposition that "there was no waiver or consent because the state had not requested the federal court to adjudicate the merits").

[23] *Samuels v. Mackell*, 410 U.S. 66, 69 (1971).

[24] *Younger*, 401 U.S. at 45.

[25] *Id.* at 53.

[26] *Id.*

circumstances are limited to where a state is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it."[27]

*Younger* also explicitly established that "the existence of a 'chilling effect,' even in the area of First Amendment rights, has never been considered a sufficient basis, in and of itself, for prohibiting state action."[28]  There, the plaintiff raised a First Amendment challenge to a state statute for being too vague and overly broad.[29]  However, the Court ruled that granting injunctive relief to enjoin enforcement of this statute was inappropriate given that injunctive relief could not adequately eliminate any purported chilling effect without stripping the state of "all power to prosecute even the . . . constitutionally unprotected conduct that had been covered by the statute."[30]

Here, abstention under *Younger* is clearly warranted.  Stilp is currently in the process of appealing his conviction in the Union County Court of Common Pleas.  The appeals process is ongoing, and the Court is not aware of any pressing reason to address constitutional claims that could very well be raised in state court.[31]

---

[27]  *Id.* at 53-54 (quoting *Watson v. Buck*, 313 U.S. 387, 402 (1941)) (internal quotation marks omitted).
[28]  *Id.* at 51.
[29]  *Id.* at 40.
[30]  *Id.* at 50-51.
[31]  Though Stilp notes that the Lewisberg Magisterial District Court declined to address Stilp's First Amendment defenses for lack of jurisdiction, it is unclear why that means *this* Court should now hear these claims.  The Magisterial Court acknowledged that the Court of Common Pleas *does* have authority to hear constitutional claims.  Stilp will thus be able to raise his defenses and claims there.  But the Court can find no compelling reason why it should

Moreover, Stilp raises the same vagueness and overbreadth First Amendment challenges that were found insufficient in *Younger*; the only injuries he allege are "incidental to every criminal proceeding brought lawfully and in good faith."[32] Because Stilp cannot establish extraordinary circumstances justifying his requested the relief, the Court concludes that it must abstain and dismiss Stilp's claims.

### III.   CONCLUSION

Defendant's motion to dismiss is granted. Accordingly, Stilp's amended complaint is dismissed WITHOUT prejudice.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

prematurely address Stilp's constitutional claims and strike down a local ordinance before Stilp's has concluded his appeal.

[32]   *Id.* at 42.